Person, J.
 

 The, bill of sale has this clause, “ which negro I Warrant both as to soundness and right of property, except a small rupture.”
 

 We Concur with «Iris Honor in the opinion, that this warranty included soundness of mind as well as body ; and we agree with him as to the degree of mental incapacity, which would amount to unsoundness of mind in a slave.
 

 The valpe of a slave depends as much, if not more, upon his having sense enough to do the work ordinarily done by slaves, as upon the soundness of his body, and if there had been simply a warranty of soundness, without question, it would have included soundness of mind as well as body. The exception, as to the small rupture, cannot have the ef-
 
 *144
 
 feet of restricting the general term, “ soundness it merely qualifies the warranty in regard to the soundness of the body and has no bearing whatever in regard to the soundness o mind.
 

 The second exception is also untenable. It is not necessary to consider how far the fact, that a defect is so apparent that it must have presented itself to the notice oí the purchaser, (as if the slave has but one leg,) will justify such ri construction of the warranty as
 
 to
 
 exclude the particular defect from its operation, under the idea that the parties could not have intended to include it, because there is no evidence to raise the question. It does not appear that the condition oí the negro’s feet was apparent, or that the plaintiff’s attention was called to it. Ide was prudent enough to require a warranty and has a right to the benefit of it.
 

 Pee Curiam. Judgment affirmed.